In the United States District Court
for the Western District of Texas
San Antonio Division

| | | |
|---|---|---|
| Martin Victor Hill,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | Civil Action No. 5:12-cv-0827 |
| TDPS, *et. al.*,<br>     Defendants. | §<br>§<br>§ | Jury |

**Defendants' Reply to Plaintiff's Memorandum in
Opposition to Defendants' Motion for Summary Judgment**

Defendants Kevin Marmor and Yolanda Aguinaga files this reply to Plaintiff's memorandum in opposition to Defendants' motion for summary judgment, asking the Court to dismiss the Plaintiff's complaint with prejudice.

**Brief in Support**

**The Defendants are entitled to qualified immunity.**

Hill states throughout his response and more specifically on pages 3-5 that Marmor and Aguinaga's supervisors at the Texas Department of Public Safety felt that it was wrong to demand Hill's CDL, citing the memorandum from Captain Plunk to Major Thompson [D.E. 47-1 p. 8]. In the memorandum, the Captain felt that while it would legal to "attempt identification of the driver and passengers".... "Penal Code 38.02 would not be applicable to this contact." [D.E. 47-1 p. 8]. However, in the memorandum from Sergeant McGuairt to Captain Plunk, Sergeant McGuairt expressed an opinion that the Defendants' actions were appropriate. This disagreement among the officers itself justifies finding the Defendants are entitled to qualified immunity. "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). The

Fifth Circuit has emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless <u>all</u> reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000).

Furthermore, in the motion for summary judgment, Trooper Marmor argues that he was justified under sections 521.025 and 521.021 of the Texas Transportation Code to demand that Hill produce his CDL. While Hill points to the language of 521.025(a)(1), arguing that it requires that the person from whom the demand is made to produce his license be actually operating the vehicle, it certainly would be safe to assume by Trooper Marmor that Hill may operate the vehicle as a co-driver and that a demand to produce his CDL would be constitutional. While lawyers, judges, peace officers and even citizens may disagree as to the correctness of an officer's action, "an officer may make mistakes that infringe constitutional rights and yet not be held liable where, given unclear law or uncertain circumstances, it cannot be said that she knew she was violating a person's rights." *Presley v. City of Benbrook*, 4 F.3d 405, 409 (5th Cir. 1993). Regardless of a defendant official's mistaken assumptions, if his conduct is determined to have been objectively reasonable, he is entitled to qualified immunity. Thus, officials are immune if their "actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 482 U.S. 635, 638 (1987).

Even if the Court were to determine that Trooper Marmor violated Hill's constitutional rights when he demanded to see his CDL, Trooper Marmor's actions, based upon his assumption that he was making a constitutional demand, were objectively reasonable and he is cloaked by qualified immunity from liability.

## Conclusion

Defendants Marmor and Aguinaga ask the Court to grant their motion for summary judgment, dismissing Plaintiff's complaint against them with prejudice.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        DAVID C. MATTAX
        Deputy Attorney General for Defense Litigation

        KAREN D. MATLOCK
        Chief, Law Enforcement Defense Division

        **/s/ Seth Byron Dennis**
        SETH BYRON DENNIS
        Assistant Attorney General
        Attorney-in-charge
        State Bar No. 00790580
        P. O. Box 12548, Capitol Station
        Austin, Texas  78711
        (512) 463-2080
        Fax No. (512) 495-9139

        **Attorneys for Defendants**

**Notice of Electronic Filing**

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment** in accordance with the Electronic Case Files System of the Western District of Texas, on this the 10th day of February, 2014.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

**Certificate of Service**

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment** has been served via e-mail to mhill.losangeles, clpc75@live.com and by placing same in the United States Mail on this the 10th day of February, 2014, to:

Martin Victory Hill
P.O. Box 7351
La Verne, CA 91750
*Appearing Pro Se*

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General
